IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA LEE BRAUN | : | CIVIL ACTION |
| v. | : | |
| BETTY GONZALES<br>EUCLIDES NUNEZ, SR. | : | NO. 13-3183 |

MEMORANDUM

GARDNER, J.                                   JUNE 17th, 2013

　　Brenda Lee Braun filed this pro se civil action against Betty Gonzales and Euclides Nunez, Sr., seeking damages for injuries she sustained when she slipped and fell in the shower. Plaintiff seeks to proceed _in forma pauperis_. For the following reasons, the Court will grant plaintiff leave to proceed _in forma pauperis_ and dismiss her complaint.

I.　FACTS

　　Plaintiff alleges that she slipped and injured herself in the shower on March 7, 2009. She alleges that defendant Gonzales, who appears to have been the property manager, knew that plaintiff was disabled and promised to put a slip guard and a hand rail in the bathtub before plaintiff moved in, yet failed to do so. Plaintiff also appears to allege that the apartment did not comply with the housing code, and indicates that defendant Nunez, who is apparently the owner of the property, was aware of that fact. Plaintiff seeks at least $800,000 in damages.[1]

---

[1] Plaintiff initially filed her claims in the District of Delaware in March of 2011. See _Braun v. Gonzales_, Civ. A. No.

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In her complaint, and on the designation form accompanying her complaint, plaintiff indicates that she is raising federal questions, including claims under the Jones Act. However, the Court cannot discern from the complaint any basis for a claim under the Jones Act, which applies in admiralty cases, or for any

---

11-186 (D. Del.). Shortly before the matter was scheduled for trial, she voluntarily dismissed her case. Three months later, she sought to reopen the case, but the judge denied her motion. She subsequently refiled her claims in this Court.

other federal claim. Instead, it appears that plaintiff is raising personal injury claims over which the Court lacks jurisdiction.

Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Diversity of citizenship is lacking here because the complaint indicates that plaintiff and at least one defendant are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant.").

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile because it is apparent that this case concerns matters of state law and that there is no basis for diversity jurisdiction. Alternatively, amendment would be futile because plaintiff's claims are time-barred. See 42 Pa. Cons. Stat. § 5524(2) (imposing a two-year statute of limitations on personal injury claims).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. An appropriate order follows.